UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| KRISTEN K. BRYANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No.: 12-cv- |
| | ) |
| UNIVERSAL HEALTH SERVICES, INC. | ) |
| | ) |
| | ) |
| Defendant. | )        JURY DEMAND |

## COMPLAINT

COMES NOW the Plaintiff, Kristen K. Bryant, by and through her attorney, Ronald S. Langacker of Langacker Law, Ltd., and for her cause of action against the Defendant, Universal Health Services, Inc., and pursuant to Fed. R. Civ. P. 15(a)(1), Plaintiff respectfully alleges as follows:

### JURISDICTION AND VENUE

1. This action involves application of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq. This court has jurisdiction of this action pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

2. The venue of this Court to entertain the issues raised in this case is appropriate by virtue of Title 28, United States Code, § 1391(b) since the Defendant engages in business within the judicial district of this Court and the actions Plaintiff complains of occurred within the judicial confines of this Court.

## PARTIES

3. Plaintiff, Kristen K. Bryant, is a current employee of the Defendant, and currently resides within Champaign County, Illinois. Plaintiff is a citizen of the United States and resides within this judicial district.

4. Defendant, Universal Health Services, Inc., is a corporation organized under the laws of the State of Delaware that conducts business activities in Champaign County in the State of Illinois and which has continuously, and does now, employ more than fifty persons within a seventy-five (75) mile radius from where the Plaintiff worked.

## FACTUAL ALLEGATIONS

5. Plaintiff was hired on June 2, 2008 by the Defendant as a Mental Health Technician in their Champaign, Illinois mental health facility known as "Pavilion."

6. Plaintiff worked at least 1,250 hours during each twelve month period she was employed by the Defendant.

7. That at all times relevant herein. Plaintiff excelled at her employment, receiving above average performance reviews.

8. That in or about September of 2008 Plaintiff was promoted to the position of Lead Mental Health Technician, which entitled the Plaintiff to an increased rate of pay over her prior position as a Mental Health Technician.

9. That in May of 2010 Plaintiff injured her ankle in a non-work related accident. The injury the Plaintiff sustained qualified as a "serious medical condition" pursuant to the FMLA, 29 USCS §§ 2611(11).

10. The Plaintiff on or about May 28th, 2010 applied for leave from the Defendant pursuant to the FMLA in order for her to care for her serious health condition.

11. The Defendant, in a letter dated June 17th, 2010, approved the Plaintiff's request for protected family medical leave, requiring the Plaintiff to recertify for the protected leave every thirty days. See Exhibit A, attached hereto and incorporated herein by reference. Plaintiff's initial FMLA leave was to be in effect from May 28th through June 24th 2010.

12. The Plaintiff recertified for an extension of her protected medical leave on two occasions, the first time from June 25th through July 29th, 2010, and the second time from July 30th through August 30, 2010.

13. That after making the two certifications to extend the Plaintiff's FMLA leave, the Defendant did not provide the Plaintiff any notice that the leave had been approved or designated as FMLA leave, and further did not provide the Plaintiff with notification when her FMLA leave entitlement would be exhausted.

14. While the Plaintiff was on FMLA Leave, the Defendant actively solicited employment applications for the Plaintiff's position of Lead Mental Health Technician. The Defendant offered the Plaintiff's position to two current employees, who were promoted to the position while the Plaintiff was on leave.

15. That on August 26th, 2010, prior to the Plaintiff returning from leave, Plaintiff contacted the Defendant by phone and inquired as to her return date. The Defendant notified Plaintiff that her position had been posted while she was on leave, had been filled, and she would return to work at a reduced rate of pay, reduced hours, and would be permanently demoted from Lead Mental Health Technician to her previous position as Mental Health Technician.

16. Plaintiff returned to her employment on August 30th, 2010, and was employed as a Mental Health Technician, with reduced hours and reduced pay prior to her taking leave.

17. The Plaintiff had continued to be employed by the Defendant on a reduced hourly schedule and a reduced rate of pay until April of 2011, and was continuously subjected to repeated harassment by the agents of the Defendant. Plaintiff has been on leave from United Health Care from April of 2011 until the present time.

## Count I
## (Family Medical Leave Act)
## (29 U.S.C. 2615(a)(1)

18. All preceding paragraphs are incorporated by reference as if fully set out herein

19. 29 U.S.C. §2615(a)(I) of the FMLA makes "it unlawful for employers to interfere with, restrain, or deny the exercise of or attempt to exercise any FMLA right."

20. At all relevant times, United Health Services was a covered "employer" within the meaning of 29 U.S.C. §2611(4) of the FMLA.

21. The Plaintiff was an "eligible employee" under FMLA's 29 U.S.C. §2615 when she informed the Defendant of her intention to request leave in May 2010 for a serious health condition, having worked for the Defendant for more than 12 months and for over 1,250 hours in the prior calendar year at a worksite with more than 50 employees in a 75 mile radius.

22. The Defendant, within the scope of the Plaintiff's employment, interfered and restrained the Plaintiff's FMLA rights in violation of 29 U.S.C. 2615(a)(1), by one or more of the following acts or omissions, singularly or in combination with other, in connection with her request for leave:

   a. Failing to designate leave as protected FMLA leave, as well as failing to advise Plaintiff when her FMLA leave would be

        exhausted;

    b.    Soliciting employment applications from prospective employees during Plaintiff's protected leave;

    c.    Demoting Plaintiff immediately after she had returned from leave, resulting in a substantial reduction in pay and hours worked; and

    d.    Continuously harassing Plaintiff after she returned to work in August of 2010, creating a hostile work environment.

23. As a direct and proximate result of the discriminatory treatment described above, the Plaintiff has suffered emotional anguish and distress, physical injury, pain and suffering, humiliation, the loss of wages, inconvenience and the loss of the enjoyment of life and other economic entitlements enjoyed by her prior to the Defendant's misconduct in connection with her employment.

## COUNT II
### Family Medical Leave Act
### (29 U.S.C. 2615(a)(2))

24. All preceding paragraphs are incorporated by reference as if fully set out herein.

25. 29 U.S.C. § 2615 (a)(2) "prohibits an employer from discharging or discriminating against an employee for opposing any practice made unlawful by" the FMLA.

26. That the Plaintiff engaged in a protected activity pursuant to the FMLA.

27. The Defendant took one or more adverse employment actions against the Plaintiff in retaliation for taking protected Family Medical Leave:

    a.    Failing to designate leave as protected FMLA leave, as well as failing to advise Plaintiff when her FMLA leave would be

   exhausted;

 b. Soliciting employment applications from prospective employees during Plaintiff's protected leave;

 c. Demoting Plaintiff immediately after she had returned from leave, resulting in a substantial reduction in pay and hours worked; and

 d. Continuously harassing Plaintiff after she returned to work in August of 2010, creating a hostile work environment.

28. There is a causal connection between Plaintiff's protected activity and Defendant's employment actions against Plaintiff.

29. As a direct and proximate result of the retaliatory treatment described above, the Plaintiff has suffered emotional anguish and distress, physical injury, pain and suffering, humiliation, the loss of wages, inconvenience and the loss of the enjoyment of life and other economic entitlements enjoyed by her prior to the Defendant's misconduct in connection with her employment.

WHEREFORE, The Plaintiff, Kristen K. Bryant, respectfully requests that this Court enter the following relief:

A. Award compensatory damages to Plaintiff for loss of pay and benefits incurred as a result of the discrimination against her as alleged in the complaint, pursuant to and within the statutory limits under the Family and Medical Leave Act.

B. Award compensatory damages to Plaintiff for mental and/or physical injuries incurred as a result of the discrimination against her as alleged in the complaint, pursuant to and within the statutory limitation of the Family and Medical Leave Act.

C.     Issue a mandatory injunction directing Defendant to re-employ the Plaintiff to the position held by her prior to the discriminatory conduct complained of with all employment duties, responsibilities and rights attendant to that position and at a salary equal to or greater than the salary the Plaintiff earned prior to the conduct complained of by her or in lieu thereof, award to the Plaintiff in the form of damages monies equal to lost future wages and employment benefits

D.     Assess against Defendant the costs and expenses incurred by the Plaintiff in maintaining the above captioned proceeding together with the reasonable attorney fees incurred by her in prosecuting the above case;

E.     Award Plaintiff pre-judgment interest for the defined sum of wages and benefits lost;

F.     Assess against Defendant and in favor of Plaintiff such liquidated damages and exemplary damages as may be provided by law for the willful violations of the law committed by it; and

G.     Provide for such other relief as the Court deems to be equitable and just.

    PLAINTIFF DEMANDS TRIAL BY JURY.

    Respectfully Submitted,

    By: s/ Ronald S. Langacker
    Ronald S. Langacker, #6239469
    Attorney for Plaintiff
    302 W. Hill Street, Suite 101
    Champaign, Illinois 61820
    Telephone:  (217) 390-4932
    Facsimile:  (312) 377-1921
    E-Mail:  langackerlaw@gmail.com